IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**REINALDO CORREA-BERNIER,**
**Plaintiff**

v.   CIVIL NO. 04-2240(DRD)

**MERCK SHARP & DOHME, et al.,**
**Defendants**

## AMENDED ORDER

      Pending before the Court is the defendant, Merck Sharp & Dohme, et al., *Motion in Compliance With Order* (Docket No. 35). The defendants move the Court to reconsider the previously issued order denying defendants' request to grant an extension of time to file its Reply to plaintiff's opposition to motion for summary judgment. Defendants suggests that the Court should reconsider its previous order because the Court "may have overlooked" the application of Local Rule 5.1 which extends the term provided by Local Rule 7.1(c) to file a Reply by an additional three (3) business days. However, it must be noted that originally defendants stated that the due date to file its Reply was November 14, 2005, and requested an additional twenty (20) days to file its Reply while now, defendants request that the Court grants only an extension of time of three (3) business days pursuant to Local Rule 5.1 which provides said additional term for parties receiving service by electronic means.

      Firstly, the Court recognizes that since "the function of the motion, and not the caption dictates which rule is applicable", Perez v. Cucci, 932 F.2d 1058, 1061n.10 (3rd Cir. 1991) the instant motion is filed as a motion for reconsideration since the remedy sought is the reconsideration of a ruling previously issued by the undersigned. Essentially, the defendants move the Court to reconsider the Order issued on November 8, 2005 (Docket No. 34) denying the extension of time requested by defendants to file its Reply to their motion for summary. Defendants' motion for an extension of time (Docket No.32) requested an extension of time until **December 5, 2005,** to file said Reply. It should be noted that the extension of time as requested would have granted the defendants an extension of time of **thirty five (35) calendar days** (7 business days originally provided at the Initial Scheduling Conference, plus 3 additional days provided by Local Rule 5.1, plus the twenty calendar days requested ) to file its Reply commenced counting from the time plaintiffs filed their opposition to defendants' motion for summary judgment.

      <u>At the Initial Scheduling and Case Management Conference held on February 22, 2005, the parties were specifically forewarned that Reply and Surreply had to be filed within **7 business days** and said motions could not be filed to rehash legal arguments previously submitted to the Court. (See Docket No. 13)</u>. Furthermore, the Court advised the parties that said motions had to be filed pursuant to the terms established under Local Rule 7(c)(setting the maximum number of pages allowed and the time provided to file said motions).

At the outset, it must be set clearly that the district courts are vested with the authority to adopt and administer Local Rules. Airline Pilots Association v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994). Consequently, "it is for courts, not litigants, to decide which rules are desirable and how rigorously to enforce them". Maldonado-Denis v. Castillo-Rodriguez, 26 F.3d 576, 584 (1st Cir. 1994)(standing for the proposition that "the judge, not counsel, must run the Court and set the agenda"). It is well settled that the district courts enjoy **broad latitude** in administering local rules. U.S. v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992). Such discretion provides the district courts the authority to demand adherence to specific mandates contained within the rules. Clausen v. Sea-3, Inc., 21 F.3d 1181, 1197 (1st Cir. 1994). Furthermore, as stated in U.S. v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir. 1989)(*quoting* Braxton v. Bi-State Dev. Agency, 728 F.2d 1105, 1107 (8th Cir. 1984)) "[i]t is for the district court to determine what departures from it rules may be overlooked".[1]

However, the discretion allowing the Court to depart from the Local Rules as promulgated may not be "unbridled" because once the rules have been put into effect, litigants have a right to rely upon them. U.S. v. Diaz-Villafane, 874 F.2d at 46 (*citing* United States v. Ferretti, 635 F.2d 1089, 1093 (3rd Cir. 1980). Notwithstanding, the court may still set aside the requirements of a Local Rule without advance notice to the parties should the court (1) have a sound reason to doing so; and (2) must ensure that the parties' substantial rights have not been unfairly prejudiced. U.S. v. Diaz-Villafane, 874 F.2d at 46.

The Minutes of Proceedings corresponding to the conference held on February 22, 2005, (almost nine (9) months ago) shows that the term provided to file a Reply and Surreply were set at seven (7) business days. (See Docket No. 13). The deadline set by the Court shall only be extended after a showing of good cause as to why the deadline cannot be reasonable met **despite certified the diligence** of the party seeking the extension. O'Connell v. Hyatt, 357 F.3d 152, 154 (1st Cir., 2004). The threshold to be met by a party requesting an extension of time to a deadline established by the Court as set in O'Connell was also informed to the parties at the Initial Scheduling and Case Management Conference. (See Docket No. 13).   Evidently, the parties were advised by the Court in advance of the deadline set for their respective responses and the threshold to be met should a request to reset the provided deadlines was to be requested.

Therefore, the Court deems that the parties were precluded from requesting additional time was justified due to the application of other Federal Rules of Civil Procedure and/or the Local Rules since the Court clearly provided the parties with advance notice of the deadline to file their motions within a certain time rather than making a general reference that said motions had to comply with the applicable Rules. Likewise, in absence of the certified diligence requirement set by O'Connell, defendants request for an extension of time is flawed. Hence, it is evident that the reasons set forth by defendants fail to sustain their conclusion that the Court may have "overlooked" the application

---

[1] At the time the United States Court of Appeals for the First Circuit entertained U.S. v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir. 1989), the District Court for the District of Puerto Rico had enacted Local Rule 105 which provided language granting authority to the Court to suspend or modify the requirements of the enacted Local Rules. Notwithstanding, on the 5th day of April 2004, the New Local Rules for this District Court became effective, and Local Rule 105's language was incorporated into now Local Rule 1. *See* United States District Court for the District of Puerto Rico, Local Rules Cross Reference Table, *available at* http://www.prd.uscourts.gov/usdcpr/pdf/LocalRulesCrossRef.pdf.

of Local Rule 5.1 to the term provided to the parties to file their respective Reply and Surreply.  <u>For all the reasons stated herein, the Court deems that defendants' motion for reconsideration should be denied</u>.

Notwithstanding, the Court understands that defendants may have bypassed the applicable jurisprudence sustaining the district court's authority to modify the terms provided by the Federal Rules of Civil Procedure and the Local Rules.  Likewise, the Court deems that defendants ultimate intention was not to cause an undue delay in the proceedings however, the original extension of time requested amounting to thirty five (35) calendar days is clearly unreasonable.

Therefore, the Court **NOTES** the defendants, Merck Sharp & Dohme, et al., *Motion in Compliance With Order* (Docket No. 35) and *sua sponte* provides the defendant until the self imposed deadline, that is, **November 14, 2005,** to file its Reply.  Likewise, in order to avoid further motions requesting an extension of time by the non-moving party, the plaintiff has **ten (10) calendar days** thereafter to file its Surreply.  **<u>THESE ARE FIRM DATES.</u>  However, the parties are forewarned that the maximum number of pages allowed for the Reply and Surreply remains at ten (10) pages and any motion requesting leave to file in excess of said maximum number of pages shall be SUMMARILY DENIED.**  In other words, the parties have a maximum of ten (10) pages to put their best foot forward.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 11th day of November 2005.

                                        S/DANIEL R. DOMINGUEZ
                                        **DANIEL R. DOMINGUEZ**
                                        **U.S. DISTRICT JUDGE**